IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROSALYN JACQUETT, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-17-1133-M
)
STATE OF OKLAHOMA, *ex rel.*, )
BOARD OF OKLAHOMA )
CORPORATION COMMISSION, )
)
        Defendant. )

# ORDER

Before the Court is defendant's Motion to Dismiss, filed October 25, 2017. On November 20, 2017, plaintiff filed her response, and on November 27, 2017, defendant filed its reply.

I.    Introduction

On September 25, 2017, plaintiff filed the instant action, asserting the following causes of action against defendant: (1) breach of employment contract, (2) intentional infliction of emotional distress, (3) violation of the Americans with Disability Act ("ADA") and the Oklahoma Anti-Handicap Act, (4) violation of 42 U.S.C. § 1983 – equal protection, (5) violation of Family Medical Leave Act ("FMLA") and retaliation, (6) violation of 42 U.S.C. § 1981 – race, (7) violation of Title VII – race, and (8) violation of Age Discrimination in Employment Act ("ADEA"). Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), defendant now moves this Court to dismiss plaintiff's causes of action because plaintiff's complaint fails to state a claim upon which relief can be granted and the Court otherwise lacks jurisdiction over plaintiff's causes of action.

II.  Discussion

   A.  Intentional infliction of emotional distress, ADA, ADEA, FMLA, § 1983, and § 1981 causes of action

In her response, plaintiff concedes that her failure to comply with the Oklahoma Governmental Tort Claims Act notice provisions renders her intentional infliction of emotional distress cause of action void and voluntarily dismisses said cause of action. Plaintiff also concedes that the State of Oklahoma has not waived its sovereign immunity for liability in relation to her ADA cause of action and moves to amend her complaint to substitute a cause of action for violation of section 504 of the Rehabilitation Act of 1974 in place of her ADA cause of action. Further, plaintiff concedes that her ADEA and FMLA causes of action are not viable and concedes to dismissal of these causes of action. Finally, plaintiff concedes that defendant cannot be sued under §§ 1983 and 1981. Accordingly, the Court finds that plaintiff's causes of action for intentional infliction of emotional distress, violation of the ADA, violation of 42 U.S.C. § 1983 – equal protection, violation of the FMLA and retaliation, violation of 42 U.S.C. § 1981—race, and violation of the ADEA should be dismissed.

   B.  Rule 12(b)(6) standard for dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that

> are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

    C.    <u>Breach of employment contract cause of action</u>

Defendant asserts plaintiff's breach of employment contract cause of action should be dismissed. Specifically, defendant contends that plaintiff has failed to state a claim for breach of an implied or express contract. Defendant further contends that there is no implied covenant of good faith and fair dealing in the at-will employer/employee relationship and plaintiff has not and cannot allege facts sufficient to state a valid and enforceable implied contract based on a personnel policy manual under Oklahoma law. Plaintiff asserts that she has stated a claim for breach of employment contract based upon the policies and procedures set forth in defendant's personnel manual.

Oklahoma law recognizes that an employee handbook/personnel manual may form the basis of an implied contract between an employer and its employees. *See Russell v. Bd. of Cty. Comm'rs, Carter Cty.*, 952 P.2d 492, 501 (Okla. 1998).

> *Two* limitations on the scope of implied contracts *via* an employee handbook stand identified by extant caselaw: (1) the manual only alters the at-will relationship with respect to *accrued benefits* and (2) the promises in the employee manual must be in definite terms, not in the form of vague assurances.

*Id.* at 502 (emphasis in original).

Having carefully reviewed plaintiff's Petition, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not set forth sufficient factual allegations to state a breach of employment contract claim. In her Petition, plaintiff does not set forth which promises in the personnel manual she is relying on and does not set forth how defendant breached those promises. Further, plaintiff's Petition only sets forth conclusory allegations devoid of any factual support in relation to this cause of action. Accordingly, the Court finds that plaintiff's breach of employment contract cause of action should be dismissed.

### D. Race discrimination cause of action

To establish a prima facie case of race discrimination, a plaintiff must show that (1) she is a member of a racial minority; (2) she suffered adverse employment action; and (3) similarly situated employees were treated differently. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Having carefully reviewed plaintiff's Petition, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations, albeit barely, to state a race discrimination claim. Specifically, the Court finds that plaintiff has sufficiently alleged that she is

a member of a racial minority, that she was terminated, and that similarly situated employees were treated differently. Accordingly, the Court finds that plaintiff's race discrimination cause of action should not be dismissed.

Plaintiff is also asserting a hostile work environment cause of action. The elements of a hostile work environment claim are: (1) the plaintiff is a member of a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was based upon the protected characteristic (in this case, race); and (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of the plaintiff's employment and create an abusive working environment. *See Dick v. Phone Directories Co.*, 397 F.3d 1256, 1262-63 (10th Cir. 2005). Having carefully reviewed plaintiff's Petition, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not set forth sufficient factual allegations to state a hostile work environment claim. Specifically, in her Petition, plaintiff alleges that "she has been forced to endure a hostile work environment under her supervisor, Mr. Wreath." Petition at ¶ 5(a). Plaintiff, however, provides no other factual allegations to support this conclusory statement of a hostile work environment. Accordingly, the Court finds that plaintiff's hostile work environment cause of action should be dismissed.

### E. Leave to amend complaint

Throughout her response, plaintiff requests the Court to grant her leave to amend her complaint. Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452,

1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Having reviewed the parties' submissions, the Court finds that plaintiff should be granted leave to amend her complaint.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Dismiss [docket no. 5] as follows:

(A) The Court GRANTS the motion as to plaintiff's breach of employment contract, intentional infliction of emotional distress, ADA, 42 U.S.C. § 1983 equal protection, FMLA, 42 U.S.C. § 1981, ADEA, and hostile work environment causes of action and DISMISSES these causes of action, and

(B) The Court DENIES the motion as to plaintiff's race discrimination cause of action.

Additionally, the Court GRANTS plaintiff leave to amend her complaint. Plaintiff shall file her amended complaint within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 19th day of April, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE